*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## OPINION

No. 04-10-00284-CV

Vilma **GRANADO**,
Appellant

v.

Pedro C. **MEZA**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-03521
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 7, 2011

AFFIRMED

On June 8, 2011, we issued an opinion affirming the trial court's judgment.  Thereafter, appellant Vilma Granado filed a motion for rehearing; her motion is denied.  However, we withdraw our June 8, 2011 opinion and judgment and substitute this opinion and judgment to better explain our reasoning.

Appellant Vilma Granado appeals an order against Appellee Pedro C. Meza for $500.00 in unpaid child support.  Granado raises several issues: (1) Meza failed to timely respond to her

Notice of Application for Judicial Writ of Withholding; (2) the judgment of $500.00 was inadequate and not based on sufficient evidence; and (3) the trial court erred in failing to award attorney's fees. In a cross-point, Meza raises a statute of limitations defense. We affirm the trial court's order.

## BACKGROUND

In 1982, the 319th District Court in Nueces County determined Meza to be the biological father of Pedro Louis De La Cruz, born November 4, 1980, and ordered Meza to make monthly child support payments. According to Meza, although he was personally served with the paternity order, he was not actually aware of his child support obligation until the 1990s when the attorney general contacted him. Meza then made child support payments as per the attorney general's requests.

On February 16, 2009, Granado filed liens with several of Meza's financial institutions in Bexar County, causing Meza's assets to be frozen. The next day, in Nueces County, Granado filed a Notice of Application for Judicial Writ of Withholding under subchapter D of chapter 138 of the Texas Family Code. The Notice of Application stated that Meza was $54,343.30 in arrears.

On March 2, 2009, pursuant to section 157.323 of the Texas Family Code, Meza filed an original proceeding and motion to stay enforcement of child support liens in the 225th District Court in Bexar County challenging the amount stated in the lien. On March 10th, an expedited hearing on Meza's motion and original proceeding was held in Bexar County during which Meza allegedly first became aware of his receipt of the Notice of Application.[1] He then immediately filed a motion in Nueces County to stay issuance of the judicial writ of withholding. At the

---

[1] Meza claimed he was unaware of his receipt of the Notice of Application because he received it amidst seventeen other notices of child support liens.

March 10th hearing the court stayed the enforcement of some of the child support liens, but did not resolve any of the issues.

Following the hearing in Bexar County, the parties filed in Nueces County an agreed motion to transfer venue of the application for judicial withholding action to Bexar County. Granado also filed a motion to consolidate the two cases and a supplemental original answer in Bexar County.[2] Granado's supplemental answer objected to Meza's untimely defenses asserted against the issuance of the judicial writ of withholding, and requested that the trial court determine Meza's arrears and award Granado attorney's fees. Trial on Meza's original proceeding and motion to stay enforcement of child support lien and Granado's request for affirmative relief was set for March 27.

At trial, the parties presented evidence and arguments regarding the issues raised under chapter 157, including Meza's payments and the actual amount in arrears, and issues raised under subchapter D of chapter 158, including whether Meza's motion to stay issuance of the judicial writ of withholding was timely. In January 2010, the trial court issued its order, finding that Granado's action was not barred by limitations and that Meza was $500.00 in arrears and accrued $23.51 in interest from the date of trial. The trial court also released all child support liens against Meza and ordered each party to bear the costs of their respective attorney's fees. Both parties appeal.

### STATUTE OF LIMITATIONS

In a cross-point, Meza appeals the trial court's finding that the statute of limitations regarding the child support had not yet run. "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." TEX. R. APP. P. 25.1(c). "The appellate court may not grant a party who does not file a notice of appeal more favorable relief

---

[2] Ultimately, the two cases were consolidated in Bexar County by agreement.

than did the trial court except for just cause." *Id.* Because Meza did not file a notice of appeal and has not given us reason to find just cause, Meza has waived his right to raise the complaint in his cross-point. *See Soefje v. Jones*, 270 S.W.3d 617, 631 (Tex. App.—San Antonio 2008, no pet.) (holding that failure to file notice of appeal waived cross-point).

## JUDICIAL WRIT OF WITHHOLDING

Granado argues that because Meza failed to timely file his motion to stay issuance of the judicial writ of withholding, the trial court lacked jurisdiction to consider Meza's defense to the amount in arrears. Even if Meza failed to timely file his motion to stay under subchapter D of chapter 158, Meza's challenge to the amount in arrears was properly before the court under chapter 157 because both Granado and Meza requested relief under section 157.323. *See* TEX. FAM. CODE ANN. § 157.323 (West 2008) (noting obligor may dispute the amount of arrearages stated in the lien and providing that procedures generally applicable to motions for enforcement apply); *id.* § 157.061 (setting forth procedure for setting hearing). We thus turn to whether the trial court's determination of arrearages was supported by the evidence.

## ARREARAGE DETERMINATION

Granado next argues that the evidence does not support the trial court's arrearage determination and that the trial court erroneously ignored its ministerial duty to independently calculate the arrearage.[3]

### A. No Findings of Fact and Conclusions of Law

Before we determine the applicable standard of review, we address the trial court's failure to file findings of fact and conclusions of law. If an appellant timely requests findings of fact and conclusions of law and the trial court fails to comply, we presume the appellant was

---

[3] Although Meza argues that no evidence supports the award of $500.00, this challenge fails for the same reason his statute of limitations cross-point fails. *See supra.*

harmed. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam). *See generally* TEX. FAM. CODE ANN. § 154.130 (West 2008 & Supp. 2010); TEX. R. CIV. P. 296, 297. But the presumption can be overcome. *See id.* The appellant is harmed if she cannot properly present her appeal because she is forced to guess the basis on which the trial court made its decision. *Tenery*, 932 S.W.2d at 30.

In her appellate brief, Granado specifically identified the question for determining harm: [W]as she prevented from properly presenting her appeal because she was forced to guess the reasons for the trial court's adverse ruling? *See* TEX. R. CIV. P. 296, 297; *Tenery*, 932 S.W.2d at 30; *Brown v. McGonagill*, 940 S.W.2d 178, 180 (Tex. App.—San Antonio 1996, no writ). She unambiguously answered no. Granado stated she "is not prevented from properly presenting her case to this Court," and "she is not forced to guess the reasons the trial court ruled against her."[4]

Because Granado asserted she was able to properly present her case and determine the reasons the trial court ruled against her without the trial court's findings of facts and conclusions of law, she cannot claim harm due to the trial court's error. *See Tenery*, 932 S.W.2d at 30. Therefore, we review the trial court's arrearage determination without the benefit of findings of facts and conclusions of law.

**B. Standard of Review**

We review a determination of child support arrearage for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re A.L.G.*, 229 S.W.3d 783, 784 (Tex. App.—San Antonio 2007, no pet.). "When, as here, the trial court conducts a bench trial, but files no findings of fact and conclusions of law, we may infer that the trial court made all findings necessary to support its judgment." *George v. Jeppeson*, 238 S.W.3d 463, 468 (Tex.

---

[4] In her appellate brief, Granado added: "If, however, this Court believes it needs" findings of fact and conclusions of law, that the court remand for that purpose. However, Granado did not pray for a remand and expressly disclaimed her need for findings of fact and conclusions of law; we acknowledge her election.

App.—Houston [1st Dist.] 2007, no pet.); *see also Worford*, 801 S.W.2d at 109. "We presume, therefore, that the trial court found all questions of fact in support of the judgment, and we must affirm if the judgment can be upheld on any legal basis supported by the pleadings and the evidence." *George*, 238 S.W.3d at 468–69 (citing *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam); *Worford*, 801 S.W.2d at 109). When reviewing an order resulting from a trial court's resolution of disputed facts, we defer to the trial court's determinations of the credibility of the witnesses, and we will not substitute our judgment for that of the trial court. *Id.* at 468.

A trial court rendering a money judgment lacks discretion to "reduce or modify [an] amount of child support arrearages." TEX. FAM. CODE ANN. § 157.262(a) (West 2008). In confirming the amount due, the trial court has a ministerial duty to confirm the amount in arrears. *In re M.C.R.*, 55 S.W.3d 104, 109 (Tex. App.—San Antonio 2001, no pet.). However, the record in this case contains no prior judicial confirmation or determination of arrearage, and Granado and Meza's disagreement over the amount of arrearage is the crux of their dispute.

Granado argues that the evidence shows she is entitled to much more than $500.00. In seeking a judicial determination of the amount in arrears, the obligee has the burden to prove that the obligor's child support obligation exceeds the amount the obligor has paid. *See In re M.P.M.*, 161 S.W.3d 650, 656 (Tex. App.—San Antonio 2005, no pet.). To determine whether the trial court abused its discretion in resolving a dispute over an amount in arrears, we consider and weigh all the evidence to determine whether or not the finding is "so against the great weight and preponderance of the evidence as to be manifestly unjust." *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *see also In re C.Z.B.*, 151 S.W.3d 627, 630 (Tex. App.—San Antonio 2004, no pet.).

## C. Meza's Child Support Obligation & Payments

To support the amount of Meza's child support obligation, Granado relied on the 1982 Order in Suit to Establish Paternity of Child ordering Meza to make monthly payments of $60.00 until the child reached the age of eighteen.[5] The parties agree that this child support order was never modified. Accordingly, the evidence establishes Meza's total child support obligation as no more than $11,520.00.

Meza and Granado dispute whether Meza satisfied this obligation. Granado put on three witnesses to prove the amount of arrearage: Melissa Munoz, Vilma Granado, and Pedro Meza. Melissa Munoz, an employee in the attorney general's child support division, testified that the attorney general closed Meza's case in 2002 because it had determined that Meza owed less than $500.00 in child support. Munoz testified that the child support payment record showed payments of $5,143.76 to the attorney general. However, she also testified that she did not know whether it reflected all the payments Meza made. Meza testified that he stopped making payments because the attorney general told him that he owed no more money and that it had closed his case. Granado testified that she did not know what payments were made to the attorney general. She knew Meza made some payments but she did not know how much child support Meza owed and never provided any figure.[6] Granado argues that the attorney general mistakenly closed Meza's case. To support this contention, Granado points to a Child Support Disbursement Unit (SDU) Payment Record detailing payments Meza had made to the attorney

---

[5] Although Meza testified that he did not know of the child support order, he admitted to having been aware of the establishment of his paternity, and the child support order recites that he was personally served. *See Litton v. Waters*, 161 S.W.2d 1095, 1096 (Tex. Civ. App.—San Antonio 1942, writ ref'd) ("[R]ecital of due citation . . . must be considered valid, unless and until it is set aside by direct proceedings instituted for that purpose.").

[6] Counsel for Granado attempted to introduce through Granado the calculations of the principal amount owed and the accumulated interest, but the court sustained the objections to the admissibility of these documents.

general.[7] This record shows that between January 1, 1982, and December 2009, Meza made twelve payments totaling $5,143.76. The record notes, "You may need to contact a local child support registry to ensure a complete payment record is obtained for the specified Case/Cause numbers, if the Office of the Attorney General was not the Non-Custodial Parent's payment registry before the SDU began processing payments." The record was introduced during Munoz's testimony. She testified that she did not work in the office where this record was kept, and that she lacked personal knowledge as to whether this was a complete list of the payments Meza had made. There was also no other evidence that the office of the attorney general was the only payment registry before the SDU began processing payments. The burden was on Granado to prove the amount of arrearages, and she failed to establish that the attorney general's record was a complete record of all of Meza's payments.

Granado finally argues that Meza's testimony proves the accuracy of the attorney general's payment record. Meza never testified regarding the payment record. He testified that he made payments to the attorney general and possibly another entity. Meza stated, "All I did was pay the attorney general," but then explained, "I mean, I don't know if there was another entity involved." He testified that everything he paid went to "just Corpus Christi," but only "guessed" that these payments went to the attorney general. Meza's testimony, based on his recollection of events from ten to fifteen years ago, does not conclusively establish the accuracy of the attorney general's payment record.

The burden was on Granado to establish the amount of arrearage. Based on the evidence, the attorney general's child support payment report was not conclusive of the amount paid. Meza's evidence that the attorney general stated Meza owed nothing, and evidence that the

---

[7] Meza argues that this document was not properly authenticated, but counsel for Meza at trial stated "no objection" to the admission of this record for the purposes of showing the payments received by the SDU.

attorney general closed the case because Meza owed less than $500.00, conflicts with Granado's evidence of the attorney general's payment record showing that Meza paid only $5,143.76. Because we must defer to the trial court's credibility determinations, we cannot say the trial court's finding is against the great weight and preponderance of the evidence.[8]

### ATTORNEY'S FEES

Lastly, Granado argues that the trial court erred by failing to award Granado attorney's fees under section 157.167 of the Texas Family Code. "The availability of attorney's fees under a particular statute is a question of law for the court." *Holland v. Wal-Mart Stores*, 1 S.W.3d 91, 94 (Tex. 1999). We therefore review this issue de novo. *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999).

Chapter 157 of the Texas Family Code generally provides rules governing motions to enforce child support obligations. *See generally* TEX. FAM. CODE ANN. tit. 5, subtit. B, ch. 157 (West 2008 & Supp. 2010). Under section 157.167(a), "[i]f the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." TEX. FAM. CODE ANN. § 157.167(a) (West 2008).

At trial, counsel for Granado admitted on cross-examination that she was not seeking attorney's fees for any enforcement action. Granado argues that she is still entitled to attorney's fees for a writ of withholding, but Granado cites no authority supporting her position.[9] Moreover, nothing in subchapter D of chapter 158 provides that a trial court may or must award

---

[8] Granado argues that Meza's affirmative defenses of estoppel, quasi-estoppel, laches, and statute of limitations are inapplicable in this case. Because we hold that the trial court's arrearage determination is supported by sufficient evidence, Meza's affirmative defenses are moot.

[9] All of her cited authorities are distinguishable. *See Taylor v. Speck*, 308 S.W.3d 81, 87 (Tex. App.—San Antonio 2010, no pet.) (holding that section 157.167 provides attorney's fees in cumulative money judgment cases); *In the Interest of C.Z.B.*, 151 S.W.3d 627, 634–35 (Tex. App.—San Antonio 2004, no pet.) (same); *In the Interest of Nichols*, 51 S.W.3d 303, 308 (Tex. App.—San Antonio 2000, no pet.) (involving only an enforcement action under chapter 157).

attorney's fees for filing a notice of application for judicial writ of withholding.  Therefore, the trial court did not err in refusing to award attorney's fees to Granado.

## CONCLUSION

Finding no reversible error, we affirm the trial court's order.

Rebecca Simmons, Justice