# IN THE SUPREME COURT OF TEXAS

═══════════════
No. 11-0976
═══════════════

VILMA GRANADO, PETITIONER,

v.

PEDRO C. MEZA, RESPONDENT

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

**PER CURIAM**

In this appeal, the trial court confirmed arrearages of $500. The proffered support for this finding is: (1) a clerical error by the Office of the Attorney General (OAG) mistakenly reflecting that the child-support obligation ended 12 years early, and (2) a statement in the OAG's Child Support Disbursement Unit Payment Record (Payment Record) that the Record might not include payments made to local registries. The clerical error is no evidence of arrearages because the OAG could not modify this child-support obligation. And because the obligor testified that he only paid the OAG, the Payment Record's disclaimer that it might not include payments to local registries is no evidence of arrearages. Thus, while there is some evidence of arrearages, there is no evidence to support the trial court's $500 arrearage determination. Because a trial court's determination of child-support arrearages must be set aside if there is no evidence to support it, we reverse the judgment of the court of appeals and remand the case to the trial court.

Vilma Granado and Pedro Meza are the parents of P.L.D. In 1982, two years after P.L.D. was born, Granado filed suit to establish paternity. Meza filed no answer, and Granado obtained a default judgment (the Order) that established Meza's paternity and ordered child support of $60 per month to be paid "until [P.L.D.] . . . shall attain the age of eighteen." The Order also admonished Meza that direct payments "will be treated as gifts and he [would] not receive credit for such payments in satisfaction of the [Order]."

Meza testified that he first learned of this obligation some years after the Order, began making child-support payments after receiving notices from the OAG, and paid all amounts the OAG sought. He further testified that he made all payments through the OAG in Corpus Christi but was unsure whether another entity was involved. In 2002, the OAG closed Meza's case, erroneously concluding that the child-support obligation had ended when P.L.D. would have been only six years old. At trial, the Payment Record reflected Meza had paid a total of $5,143.76.

In February 2009, Granado sought to enforce the Order through child-support liens and a writ of withholding. Meza moved to stay enforcement of the liens and the writ. In response, Granado sought a determination of arrearages under Chapters 157 and 158 of the Family Code.

At trial, Granado called an OAG attorney who testified that the Payment Record was required to be a complete record of all of Meza's payments to the OAG. *See* TEX. FAM. CODE § 234.009(b) ("The record of child support payments maintained by the state disbursement unit is the official record of a payment received directly by that unit."). The attorney also testified that the OAG closed Meza's case because the OAG's internal file showed Meza owed less than $500 in arrearages in 2002. This figure, however, was based upon the child-support obligation ending on March 30, 1986,

2

12 years early. The record conclusively establishes the child-support obligation did not terminate until P.L.D. reached the age of 18. The only explanation offered for the clerical error was that Granado stopped receiving public assistance in March 1986 and this somehow generated the erroneous date. Meza, however, confirmed that the Order was never modified and admitted his total obligation was $11,250. In addition to Meza's own testimony that he only paid the OAG in Corpus Christi, Granado testified that Meza never paid child support directly to her, though direct payments would not offset the obligation under the express terms of the Order.

The trial court ultimately found Meza owed only $500 in arrearages. The court of appeals affirmed, concluding that the testimony that the OAG closed Meza's case because he owed less than $500 in arrearages supported the trial court's finding. 360 S.W.3d 613, 619.

Granado contends no evidence supports the trial court's $500 arrearage determination. We agree. Section 157.323(c) of the Family Code states that "[i]f arrearages are owed by the obligor, the court shall . . . render judgment against the obligor for the amount due, plus costs and reasonable attorney's fees." TEX. FAM. CODE § 157.323(c)(1). Similarly, section 158.309 states that upon hearing a motion to stay enforcement of a writ of withholding, "the court shall . . . render an order for income withholding that includes a determination of the amount of child support arrearages . . . ." *Id*. § 158.309(c).

In *Office of the Attorney General of Texas v. Burton*, we held that a determination of arrearages must be set aside if no evidence supports it. 369 S.W.3d 173, 175—76 (Tex. 2012). There, the parties agreed arrearages were owed but disagreed about the amount. *Id*. at 175. The movant failed to provide the trial court with information regarding an offset from social security

disability benefits paid to the child, and the trial court subsequently found no arrearages. *Id*. at 174–75. We reversed because no evidence supported the trial court's determination. *Id.* at 175.

Here, while there is some evidence of arrearages, as in *Burton*, there is no evidence to support the trial court's specific finding of $500 in arrearages. That finding was based on the OAG's clerical error reflecting the obligation ended 12 years early and a statement in the Payment Record indicating it could be inconclusive. Here, the OAG clerical error cannot serve as a basis for modifying the child-support obligation. *See Williams v. Patton*, 821 S.W.2d 141, 143–44 (Tex. 1991); TEX. FAM. CODE §§ 156.001, 156.401(b). Thus, the clerical error is no evidence supporting the trial court's determination of $500 in arrearages. *See Burton,* 369 S.W.3d at 175.

The court of appeals also relied on a statement in the Payment Record indicating the Record could be inconclusive because a local child-support registry may have records of other payments made by an obligor. 360 S.W.3d at 618. But Meza's own testimony that he only paid through the OAG in Corpus Christi negates any such possibility and is no evidence that Meza paid all but $500 of his obligation. Thus, while the record contains some evidence that arrearages exist, there is no evidence to support the trial court's determination of $500 in arrearages. *See Burton,* 369 S.W.3d at 175.

In sum, no evidence exists to support the trial court's determination of $500 in arrearages. Accordingly, we need not reach Granado's remaining issues. Without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and remand the case to the trial court for proceedings consistent with this opinion.

4

**OPINION DELIVERED: April 19, 2013**