

# NUMBER 13-13-00421-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF C.M.S., A CHILD

**On appeal from the 36th District Court
of San Patricio County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant M.E.P. challenges the trial court's final order in his suit affecting the parent-child relationship (SAPCR).[1]  By four issues, which we reorganize and address as two, appellant argues that the trial court:  (1) abused its discretion in setting his monthly child support obligation at $1,000 and ordering him to pay $57,000 in child support arrears; and (2) erred in failing to make findings of fact under family code section

---

[1] We use the parties' initials to protect the privacy of their minor child.

154.130. *See* TEX. FAM. CODE ANN. § 154.130 (West, Westlaw through 2013 3d C.S.). We reverse and remand.

## I. Background

In December 2011, appellant filed an original petition in a SAPCR, seeking joint managing conservatorship of C.M.S., the then twelve-year-old child of appellant and appellee C.S.H. Appellee answered the petition and filed a counterclaim seeking child support from appellant.

In October 2012, the trial court held a hearing on appellant's petition and appellee's counterclaim. Appellant did not personally appear at the hearing. He did not produce any documents related to his income or other assets. Counsel for appellant indicated that he had been unemployed since 2008. Counsel also indicated that appellant was the sole caretaker of his infirm elderly parents. The only evidence presented at the hearing was testimony by appellee.

Appellee testified that C.M.S. was born in 1998 and that she and C.M.S. left appellant in 1999 and moved back to Portland, Texas, where they lived with appellee's mother. Appellant had no contact with C.M.S. until 2011. During a visit with C.M.S. in 2011, appellant told appellee that he owned a construction company. Appellant was driving a Lexus vehicle during the visit. Appellee researched the homes that appellant owned in Florida and Arizona and testified that the tax rolls showed the home in Florida to be worth approximately $1 million and the home in Arizona to be worth between $150,000 and $300,000. Prior to C.M.S.'s birth, she and appellant travelled to Lake Tahoe several times, and appellant had been treated as a "high-roller" gambler. Finally,

appellee testified that appellant was married and had another child from that marriage. After the close of evidence, the trial court ordered appellant to pay $1,000 a month in child support, starting on November 1, 2012, and $57,000 in child support arrears, to be paid to appellee in increments of $100 a week.

Four days after the hearing, appellant filed a request for findings of fact under family code section 154.130. *See id.* The trial court issued no findings. In June 2013, the trial court issued its written order in the SAPCR. The trial court ordered joint managing conservatorship, with appellee having the right to designate the primary residence of the child and appellant having the right to supervised visitation.[2] The trial court also memorialized its child-support order from the October 2012 hearing. This appeal followed.

## II. Standard of Review and Applicable Law

We generally review a trial court's order on child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). However, when our review concerns a pure matter of law—for example the applicability of a statutory provision—we follow a de novo standard. *See In re J.M.C.*, 395 S.W.3d 839, 844–45 (Tex. App.—Tyler 2013, no pet.) (citations omitted).

---

[2] Appellant does not challenge the custody portion of the trial court's order.

3

Because appellant has another child in a different household, the child-support guidelines suggest that he is to pay 17.5% of his monthly net resources toward the support of C.M.S. *See* TEX. FAM. CODE ANN. § 154.129 (West, Westlaw through 2013 3d C.S.). Family code section 154.062 provides that the trial court "shall calculate net resources for the purpose of determining child support liability as provided by this section." *Id.* § 154.062(a) (West, Westlaw through 2013 3d C.S.). "Net resources" include all wage and salary income, self-employment income, and all other income actually being received. *Id.* § 154.062(b). Section 154.063 also provides that "[t]he court shall require a party to . . . furnish information sufficient to accurately identify that party's net resources and ability to pay child support." *Id.* § 154.063. There must be "some evidence of a substantive and probative character of net resources in order for this duty to be discharged." *Newberry v. Bohn-Newberry*, 146 S.W.3d 223, 236 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing TEX. FAM. CODE ANN. § 154.062). "In the absence of evidence of the wage and salary income of a party, the court shall presume that the party has wages or salary equal to the federal minimum wage for a 40-hour week." TEX. FAM. CODE ANN. § 154.068 (West, Westlaw through 2013 3d C.S.); *In re B.R.G.*, 48 S.W.3d 812, 818–19 (Tex. App.—El Paso 2001, no pet.) (holding that in the absence of proof to the contrary, a trial court is authorized to presume the obligor earned the federal minimum wage).

Further, because appellant filed a written request with the trial court within ten days of the hearing, section 154.130 required the court to issue findings "stat[ing] whether the application of the guidelines would be unjust or inappropriate" and to make the following

4

findings:

> "(1)    the net resources of the obligor per month are $_____;
>
> "(2)    the net resources of the obligee per month are $_____;
>
> "(3)    the percentage applied to the obligor's net resources for child support is _____%; and
>
> "(4)    if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable ."

*Id.* § 154.130(a)(1), (b); *see In re S.B.S.*, 282 S.W.3d 711, 717 (Tex. App.—Amarillo 2009, pet. denied).   The trial court's failure to comply with the mandatory requirements of section 154.130 is reversible error unless the record shows that the appellant was not harmed.   *Granado v. Meza*, 360 S.W.3d 613, 616 (Tex. App.—San Antonio 2011), *rev'd on other grounds*, 398 S.W.3d 193 (Tex. 2013) (citing TEX. FAM. CODE ANN. §154.130; TEX. R. CIV. P. 296, 297; *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam)). An appellant is harmed if the lack of findings force him to guess the basis on which the trial court made its determination.   *Id.* (citing *Tenery*, 932 S.W.2d at 30).

### III.   Findings under Section 154.130

Because appellant's second issue is dispositive of this appeal, we address it first. *See* TEX. R. APP. P. 47.1.   By his second issue, appellant argues that, after he timely requested them, the trial court reversibly erred in refusing to issue findings of fact concerning its child support ruling.   It is undisputed that the trial court was required, but failed to issue the requested findings.   Thus, the only question before us is whether appellant was harmed by this finding.   We believe that he was.

5

Although we are concerned that appellant placed appellee and the trial court in a difficult position by failing to provide documentation of his income, or lack thereof,[3] the evidence presented by appellee did not amount to substantive and probative evidence of appellant's net resources. The value of appellant's homes and cars are not income, as contemplated by section 154.062. Although appellant told appellee that he owned a construction business, appellee did not testify as to the income appellant earned from that business. And that appellant had at one time, prior to C.M.S.'s birth, been treated as a "high-roller" is not probative evidence of his current income. While appellee's testimony certainly cast doubt on whether appellant was being completely forthcoming about his financial status, her testimony was nonetheless no evidence of appellant's wage or salary income, self-employment income, or any other income actually being received by appellant. *See* TEX. FAMILY CODE ANN. § 154.062(a), (b); *Newberry*, 146 S.W.3d at 236.

In the absence of documentation or other proof, *see id.* § 154.063, the trial court was required, at the very least, to use the federal minimum wage ($7.25/hour) as a baseline for its calculation. *See* TEX. FAMILY CODE ANN. § 154.068; *In re B.R.G.*, 48 S.W.3d at 818–19. Using this baseline, the trial court's $1,000-per-month obligation exceeded the total income appellant would earn in a month of minimum wage employment. Considering this and the remaining evidence in the record, appellant was clearly harmed by the lack of fact findings; in short, on appeal, appellant was forced to

---

[3] We note that counsel's representations that appellant had been unemployed for several years was not evidence.

guess at the basis for the trial court's calculation of his child support obligations.[4]  *See Granado*, 360 S.W.3d at 616.   The trial court's failure to issue findings of fact was therefore reversible error.   *See id.*   We sustain appellant's second issue.

## IV.   Conclusion

We reverse the trial court's child support order and remand for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ<br>
Justice

Delivered and filed the
24th day of July, 2014.

---

[4] We note that the family code provides other methods for determining net resources, for example, holding an obligor accountable for intentional unemployment or underemployment or attributing deemed income to certain assets.   *See* TEX. FAM. CODE ANN. §§ 154.066, 154.067 (West, Westlaw through 2013 3d C.S.).   But on the record before us, we cannot determine whether the trial court in this case utilized these alternative methods in setting appellant's support obligation.