Randy WALKER,

v.

STATE of Texas,

No. 13–84–203–CR.

Court of Appeals of Texas,
Corpus Christi.

June 28, 1985.

Rehearing Denied Oct. 24, 1985.

Knute L. Dietze, Victoria, for appellant.

Wiley L. Cheatham, Cuero, for appellee.

Before KENNEDY, UTTER and KEITH,[1] JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted of involuntary manslaughter. Punishment was assessed by the trial court at two years in the Texas Department of Corrections. Imposition of the sentence was suspended and appellant was placed on probation. The offense arose out of an automobile accident in which appellant's car was involved and a passenger in that car was killed. For reasons hereinafter stated, we reverse and dismiss.

In his first ground of error appellant contends the trial court erred in overruling his motion to dismiss the indictment for the State's violation of the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1985). The record shows that appellant was indicted on April 21, 1983 for involuntary manslaughter, a third degree felony. TEX.PENAL CODE ANN. § 19.05 (Vernon 1974). An announcement of ready was filed by the State

---

1. Associate Justice, Court of Appeals, Ninth Supreme Judicial District (Ret.), sitting by designa- tion. *See* Art. 1812, as amended.

when the indictment was filed.[2] The State therefore established a prima facie showing of readiness under the Speedy trial Act, and the burden thus shifted to appellant to show that the State was not ready. *Philen v. State,* 683 S.W.2d 440 (Tex.Crim.App. 1984). Appellant argues in support of his ground of error that the State did not subpoena witnesses and "had no idea of whether it was ready for trial" despite its written announcement of ready.

Initially, we note that a claim that subpoenas have not been issued is insufficient to rebut the State's announcement of ready. *Philen v. State,* 683 S.W.2d 444. Additionally, the State introduced testimony showing that subpoenas had been issued jointly with another criminal cause pending against appellant. Furthermore, appellant did not introduce any evidence showing that the State was not ready to proceed to trial, such a showing being the appellant's burden. Appellant has thus failed to rebut the State's prima facie showing of readiness. Appellant's first ground of error is overruled.

In his second and third grounds of error appellant challenges the sufficiency of the evidence. Appellant claims that there is no evidence to show that he acted recklessly or to show that he was the driver of the automobile which was involved in the accident. We discuss these contentions separately.

The State introduced evidence through an officer of the Department of Public Safety wherein appellant admitted to him at the accident site that he was the driver of the vehicle. This evidence is sufficient to show that appellant was the driver of the vehicle. *Wilson v. State,* 688 S.W.2d 212, (Tex.App.—Corpus Christi 1985).

We now turn to the contention that there was no evidence to show that appellant acted recklessly. The evidence of just what happened was totally circumstantial and there were no witnesses to the accident other than the three young men in the

vehicle, none of whom testified. From testimony about the condition of the vehicle following the accident and photographs of the vehicle one can readily conclude that a horrible collision occurred when the vehicle hit the tree. But, what caused the vehicle to leave the road in the first place? We can surmise that appellant was driving too fast but there is no evidence to show this.

Briefly, the evidence shows that appellant and the two other young men left San Antonio, Bexar County, to travel to Victoria. Appellant had been drinking an alcoholic beverage and had been cautioned about drinking and driving by a witness from whose home in San Antonio the trio departed. In DeWitt County, which is between San Antonio and Victoria (their destination) the motor vehicle left the roadway and struck a tree. Everyone except appellant was killed.

Appellant was indicted for involuntary manslaughter on two counts, the first based upon intoxication and the second upon excessive rate of speed and recklessness. He was convicted on the latter count.

In *Nathan v. State,* 611 S.W.2d 69 (Tex.Crim.App.1981) the court quoted with approval from *Flores v. State,* 551 S.W.2d 364 (Tex.Crim.App.1977) as follows:

It is well established that a conviction on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt and *proof amounting only to a strong suspicion is insufficient.* (emphasis added in this opinion)

As stated, we know that a terrible collision occurred. We have a "strong suspicion" that appellant was attempting to negotiate a curve at a higher rate of speed than was safe, but this has not been established by evidence. The test set out in *Nathan,* and so many other Texas cases as to become Hornbook Law, has not been met. We

2. The State's written announcement of ready appears in the record as Defendant's Exhibit 2.

reverse the judgment of the trial court and order the prosecution dismissed.

## OPINION ON MOTION FOR REHEARING

On motion for rehearing, appellant (the State) argues that the circumstantial evidence was sufficient to prove that appellant was the driver of the vehicle and that the high rate of speed was what caused the accident.

First, it must be remembered that we held in our original opinion that the evidence was sufficient to put appellant behind the wheel. Our cause for reversing the conviction was, and is, that the evidence was not sufficient to cause a reasonable trier of fact to rule out every other reasonable hypothesis as to what caused the vehicle to leave the roadway.

We now add that there are other possible causes (hypotheses) for a vehicle to leave the roadway including, but not limited to, livestock or other objects on the roadway and the encroachment over the center line of approaching vehicles. We also note that the 30 m.p.h. posted speed was merely the suggested speed on the curve; the legal speed limit was 55 m.p.h. In addition, since the accident which was the basis for this prosecution, due to the excessive number of accidents, several steps have apparently been taken to improve the safety of this curve, including reducing the suggested speed on the curve; depicting the curve for the 90° angle that it is, rather than a slight curve; additional reflectors; flashing yellow lights; and, illuminating the curve with overhead lights.

The State in its brief reminds us of the evidence presented of the consumption of alcohol by appellant; however, the conviction and this appeal involve the State's prosecution upon the count alleging excessive speed and recklessness.

For the reasons herein stated, as well as those stated in our original opinion, we overrule appellant's motion for rehearing.