

NUMBER 13-12-00140-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF E.M.Z., A CHILD

On appeal from the 107th District Court of
Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

Appellant Melinda Santiago, E.M.Z.'s mother, appeals from the trial court's order in a suit affecting the parent-child relationship ("SAPCR"). *See* TEX. FAM. CODE ANN. § 109.002 (West Supp. 2011). Eusebio Zavala, appellee, is E.M.Z.'s father. By four issues, Santiago contends that the trial court erred by: (1) basing Zavala's child support and cash medical support obligations on his actual income, rather than on his earning potential; (2) denying her claim for recovery of a portion of her prenatal and postnatal

health care expenses; (3) granting Zavala's request for a geographical restriction; and (4) granting Zavala extended unsupervised periods of visitation and ordering that Santiago pick E.M.Z. up at Zavala's residence at the end of Zavala's possession periods. We affirm.

## I. BACKGROUND

After a two-year relationship, Santiago and Zavala separated before E.M.Z. was born in March 2011.[1] On March 22, 2011, Santiago filed a SAPCR petition, requesting, among other things, that the trial court grant temporary orders for child support and require that Zavala's visitation periods with E.M.Z. be supervised. At the bench trial in November 2011, the parties stipulated that Zavala was E.M.Z.'s biological father and that they had agreed to be E.M.Z.'s joint managing conservators, with Santiago as the primary joint managing conservator. The trial court: (1) ordered Zavala to pay monthly child support in the amount of $197.93; (2) ordered him to pay child support arrearage in the amount of $2,830.78 and uninsured medical expenses for E.M.Z. in the amount of $333.22, for a total amount of $3,164.00, to be paid at the rate of $50.00 per month; (3) ordered Zavala to pay $108.75 per month in cash medical support for reimbursement of health care premiums; and (4) granted Zavala's request for a geographical restriction that E.M.Z.'s primary residence be within the Rio Grande Valley. The trial court denied Santiago's request for reimbursement of a portion of her prenatal and postnatal health care expenses. Santiago filed a motion for new trial, which the trial court denied.

## II. CHILD SUPPORT

By her first issue, Santiago contends the trial court erred in ordering child support based on Zavala's actual earnings rather than on his potential income. Santiago notes

---

[1] At the time of trial, in November 2011, E.M.Z. was seven months old.

2

that, several months before E.M.Z. was born, Zavala decided to return to college full-time to pursue a second degree in physical therapy. According to Santiago, because Zavala voluntarily reduced his income, the trial court should have based the child support award on Zavala's earning potential—as evidenced by his income before returning to college—rather than on his actual income. Santiago cites section 154.066 of the family code, which provides that "[i]f the actual income of the obligor is significantly less than what the obligor could earn because of intentional unemployment or underemployment, the court may apply the support guidelines to the earning potential of the obligor." TEX. FAM. CODE ANN. § 154.066 (West 2008). Santiago points to Zavala's testimony that, as a fitness trainer, he earned an average annual income of $32,000 to $35,000 for the past three years. Santiago argues that the trial court abused its discretion by basing the child support award on the child support guidelines and Zavala's actual income. *See id.* § 154.125 (West Supp. 2011) (detailing child support guidelines).

A trial court has discretion to set child support within the parameters provided by the Texas Family Code. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) (citing *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 415 (Tex. 1993)). A court's order setting or modifying child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *see Rodriguez*, 860 S.W.2d at 415. A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff*, 339 S.W.3d at 78 (citing *Worford*, 801 S.W.2d at 109; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d

238, 241–42 (Tex. 1985)). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

Santiago testified that she is a pharmacist and earns a yearly salary of $120,000.00. The trial court was entitled to consider the respective abilities of the parents to provide financial support and Santiago's financial resources in determining whether a deviation from the child support guidelines was appropriate. *See* TEX. FAM. CODE ANN. § 154.123(b)(2)–(3) (West 2008). The trial court was also entitled to consider Zavala's testimony that he had returned to school to increase his future earning potential. *See Iliff*, 339 S.W.3d at 83 (noting a court properly considers an obligor's "laudable intentions" in altering his or her employment situation to "gain further education").

Although Santiago urges that the trial court abused its discretion by failing to apply the support guidelines to Zavala's earning potential rather than his actual income, we disagree. In *Iliff*, the supreme court noted that a trial court "may" apply child support guidelines to an obligor's earning potential if it finds that the obligor is intentionally unemployed or underemployed, but noted that "may" is permissive and discretionary. *See id.* at 81; *see also* TEX. FAM. CODE ANN. § 154.066. The court further noted that "in child support decisions, the 'paramount guiding principle' of the trial court should always be the best interest of the child." *Id.* We conclude, with this guiding principle in mind, that Santiago has not shown that the trial court abused its discretion in applying the child support guidelines to Zavala's actual income, rather than his earning potential. We overrule Santiago's first issue.

### III. PRENATAL AND POSTNATAL EXPENSES

4

By her second issue, Santiago complains that the trial court abused its discretion in denying her request that Zavala pay an equitable portion of her prenatal and postnatal medical expenses. At trial, Santiago testified that during her pregnancy, she developed a blood clot, which requires monitoring and treatment with drugs. She also testified that because she developed a "dropped bladder" related to the pregnancy, she will require "bladder lift" surgery in the future. Santiago presented evidence of her prenatal and postnatal medical costs in the amount of $7,414.00 and requested that the court order Zavala to pay $3,707.20 in reimbursement of those expenses.

Santiago cites section 160.636(g) of the family code, which provides: "On a finding of parentage, the court may order retroactive child support as provided by Chapter 154 and, on a proper showing, order a party to pay an equitable portion of all of the prenatal and postnatal health care expenses of the mother and the child. *See* TEX. FAM. CODE ANN. § 160.636(g) (West 2008). Santiago appears to argue that because she made a "proper showing" documenting her expenses, the trial court abused its discretion in not ordering Zavala to pay half of the expenses. We disagree. It was within the trial court's discretion to reach the decision it did on this matter.

A trial court abuses its discretion only when it "reaches a decision that is 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Garza v. Blanton*, 55 S.W.3d 708, 710 (Tex. App.—Corpus Christi 2001, no pet.) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). "Matters regarding the exercise of discretion are within the sole province of the trial court, and the appellate court may not substitute the discretion of the trial court with its own." *Id.*

The statute Santiago relies on states that the trial court "may" order a party to pay an equitable portion of the mother's prenatal and postnatal expenses. *See* TEX. FAM. CODE ANN. § 160.636(g). "'May' creates discretionary authority or grants permission or [a] power." *Iliff*, 339 S.W.3d at 81 (quoting TEX. GOV'T CODE ANN. § 311.016(1) (West 2005)).

Santiago testified that, during the time she incurred prenatal and postnatal expenses, she was covered by health insurance, but she did not present evidence as to whether any portion of her prenatal and postnatal expenses was covered by insurance. In exercising its discretion, the trial court was entitled to consider that Santiago earned $120,000 per year and was buying a home, whereas Zavala's income was reduced because he had returned to school. We conclude that the trial court did not abuse its discretion in denying Santiago's request for reimbursement of her prenatal and postnatal expenses. We overrule Santiago's second issue.

## IV. GEOGRAPHIC RESTRICTION

By her third issue, Santiago contends the trial court abused its discretion by imposing a geographical restriction on E.M.Z.'s residence by limiting it to "the Rio Grande Valley." Santiago testified that she had no intention of leaving her fifteen-year career as a pharmacist in Brownsville, Texas, and acknowledged that she was purchasing a home there. Santiago testified that she visits her mother, who resides in Houston, Texas, approximately once a month. At trial, she stated her belief that Zavala had requested the geographical restriction "for the purpose of harassment only." She stated that she opposed the restriction because she did not want to "close the door" on any career opportunity that might arise. Zavala testified that he lives in Edinburg, Texas

6

and is enrolled in the university there.  Zavala's mother also resides in the Edinburg area, which is in the Rio Grande Valley.

Many factors can bear on the determination of a child's best interest in the context of residency restrictions and relocation, including the general factors relevant to the best interest of a child, such as:  (1) the child's desires; (2) the child's current and future physical and emotional needs; (3) any physical or emotional danger to the child in the present or future; (4) the parental abilities of the individuals involved; (5) the programs available to those individuals to promote the child's best interest; (6) the plans for the child by these individuals; (7) the stability of the home; (8) acts or omissions by a parent tending to show that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.  *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *see In the Interest of A.P.P.*, 74 S.W.3d 570, 575 (Tex. App.—Corpus Christi 2002, no pet.); *see also In the Interest of I.J.M.*, No. 13-11-459-CV, 2012 WL 1142890, at *4 (Tex. App.—Corpus Christi April 5, 2012, no pet.) (mem. op.).

Here, the trial court could have reasonably determined that it was in E.M.Z.'s best interest to restrict his residency to "the Rio Grande Valley" because:  (1) Santiago did not actually intend to move, but opposed the restriction only because of an unspecified possible future career opportunity[2]; and (2) permitting Santiago to move E.M.Z. away from the area would adversely affect Zavala's visitation with E.M.Z.  We conclude that the trial court did not act arbitrarily, but rather acted reasonably and with reference to guiding rules and principles, and therefore did not abuse its discretion by

---

[2] We note that Santiago may seek modification of the geographic restriction due to changed circumstances in the future should such a career opportunity actually arise in a different area and modification is in E.M.Z.'s best interest.  *See* TEX. FAM. CODE ANN. § 156.101(a)(1)(A) (West Supp. 2011).

imposing the geographical restriction. *See Blanton*, 55 S.W.3d at 710. We overrule Santiago's third issue.

## V. VISITATION

By her fourth issue, Santiago challenges several of the trial court's visitation provisions, specifically: (1) the trial court's provision requiring her to pick up E.M.Z. at Zavala's residence at the end of Zavala's possession periods; and (2) the trial court's granting Zavala unsupervised and extended periods of possession.

First, regarding the provision requiring Santiago to pick up E.M.Z. at Zavala's residence at the end of Zavala's periods of possession, Zavala argues that Santiago failed to preserve her complaint for review. Santiago responds that, because the present case was a trial to the bench—not a jury trial—she was not required to preserve error as to the trial court's order.

We need not decide the preservation issue, however, because assuming without deciding that Santiago preserved the issue, we find it to be without merit. Section 153.316(3) of the family code provides, in relevant part:

> (3) the possessory conservator [Zavala] shall be ordered to do *one* of the following:
>
> (A) the possessory conservator [Zavala] shall surrender the child to the managing conservator [Santiago] at the end of each period of possession at the residence of the possessory conservator [Zavala]; *or*
>
> (B) the possessory conservator [Zavala] shall return the child to the residence of the managing conservator [Santiago] at the end of each possession period, . . . .

TEX. FAM. CODE ANN. § 153.316(3)(A) (West 2008) (emphasis added). Thus, the trial court chose one of several surrender provisions that it was authorized to choose by the family code. *See id.* We conclude that the trial court did not abuse its discretion in

8

requiring Santiago to pick up E.M.Z. at Zavala's residence at the end of Zavala's possessory periods.

Second, Santiago argues that the trial court abused its discretion by allowing Zavala unsupervised visitation with E.M.Z. Santiago cited the testimony of Zavala's mother, who testified that Zavala has had "a violent temper" since he was a child and can "get very angry." Santiago testified that she requested supervised visitation for Zavala because he has "issues with his anger" and she feared for E.M.Z.'s safety. Santiago testified that Zavala was arrested for domestic violence in an incident involving his ex-wife. On cross-examination, Santiago admitted that she had never seen Zavala exhibit any violence toward E.M.Z. Zavala's mother also testified that she had never seen Zavala exhibit any violence toward E.M.Z. or her other grandchildren. She also testified that she had talked to Zavala about his temper and that Zavala's temper has improved.

"We give wide latitude to a trial court's decision on custody, control, possession, and visitation matters." *Turner v. Turner*, 47 S.W.3d 761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982)); *see In re C.B.*, No. 13-11-472-CV, 2012 WL 3139866, at *1 (Tex. App.—Corpus Christi Aug. 2, 2012, no pet.) (mem. op.). A trial court does not abuse its discretion when it makes a decision on conflicting evidence. *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.). If some evidence of a substantive and probative character exists to support the trial court's decision, there is no abuse of discretion. *In re J.C.*, 346 S.W.3d 189, 193 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.). The trial court is in a better position

9

than an appellate court to determine the best interest factor because the trial court observed the parties and witnesses, noted their demeanor, and had the opportunity to evaluate their claims. *Stucki v. Stucki*, 222 S.W.3d 116, 124 (Tex. App.—Tyler 2006, no pet.). With that in mind, we conclude that the trial court did not abuse its discretion in allowing Zavala unsupervised visitation periods with E.M.Z.

Finally, Santiago contends the trial court abused its discretion in granting Zavala overnight visitation on Thursdays after E.M.Z. is three years old. Santiago argues that Zavala is not entitled to the Thursday overnight visitation because he failed to make an election under section 153.317(b) of the family code for alternative visitation periods. *See* TEX. FAM. CODE ANN. § 153.317(b) (West Supp. 2011).[3]

---

[3] Section 153.317 of the family code, entitled "Alternative Beginning and Ending Possession Times," provides in relevant part:

(a) *If elected by a conservator*, the court shall alter the standard possession order under Sections 153.312, 153.314, and 153.315 to provide for one or more of the following alternative beginning and ending possession times for the described periods of possession, unless the court finds that the election is not in the best interest of the child:

. . . .

(2) for Thursday periods of possession under Section 153.312(a)(2):

(A) beginning at the time the child's school is regularly dismissed; or

(B) ending at the time the child's school resumes on Friday[.]

TEX. FAM. CODE ANN. § 153.317(a)(2) (West Supp. 2011) (emphasis added). In contrast, the Standard Possession Order applicable to parents who reside one hundred miles or less apart provides in relevant part:

(a) If the possessory conservator resides 100 miles or less from the primary residence of the child, the possessory conservator shall have the right to possession of the child as follows:

. . . .

(2) on Thursdays of each week during the regular school term beginning at 6 p.m. and ending at 8 p.m., unless the court finds that visitation under this subdivision is not in the best interest of the child.

Zavala responds that Santiago failed to preserve any issue for review because her general complaint in her motion for new trial that the "child visitation provisions [were] not consistent with the best interest of the child" was insufficient to alert the trial court to the alleged error. Santiago replies that she may raise the issue for the first time on appeal because in a non-jury case, as here, she can challenge the sufficiency of the evidence supporting the trial court's visitation provisions for the first time on appeal. *See* TEX. R. APP. P. 33.1(d) (providing that a complaint regarding the legal or factual insufficiency of the evidence may be made for the first time on appeal in a non-jury case).

Santiago is correct that the general preservation rule requiring an appellant to first complain to the trial court and obtain a ruling does not apply to complaints about the sufficiency of the evidence in a trial to the court. *See* TEX. R. APP. P. 33.1(d); *Office of Atty. Gen. of Texas v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012) (per curiam). However, Santiago's challenge to the Thursday overnight visitation provision—applicable only after E.M.Z. reaches the age of three—is not an issue of evidentiary sufficiency. In her brief, Santiago characterized the issue as follows:

> The trial court further erred in granting [Zavala] extended visitation (overnight on Thursdays) insofar as at no time prior to the Court's rendition of the original Order [] did [Zavala] elect an Alternative Possession Time as set forth in Texas Family Code Section 153.317(b) []".
>
> . . . .
>
> Because no election was made by [Zavala], either written or in open court, the granting of the "Alternate Possession Times" was improperly granted by the trial court.

*Id.* § 153.312 (West Supp. 2011).

11

We decline to characterize Santiago's complaint as a challenge to the sufficiency of the evidence. Accordingly, we conclude that Santiago's general complaint in her motion for new trial was insufficient to put the trial court on notice of her complaint that it erred in granting overnight Thursday visitation because Zavala failed to elect the extended visitation period. Santiago therefore failed to preserve this issue. *See* TEX. R. APP. P. 33.1(a)(1)(A) (stating that to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"). We overrule Santiago's fourth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
27th day of June, 2013.