The OFFICE OF the ATTORNEY
GENERAL OF TEXAS,
Petitioner,

v.

Anthony BURTON, Respondent.

No. 11–0316.

Supreme Court of Texas.

June 8, 2012.

174

John B. Worley, Office of the Attorney General, Child Support Div., Appellate Litigation Section, Michael D. Becker, Office of the Attorney General, Rande K. Herrell, Office of the Attorney General of Texas, Mara Flanagan Friesen, Alicia G. Key, Office of the Attorney General, Daniel T. Hodge, First Asst. Attorney General, Attorney General Greg W. Abbott, Attorney General of Texas, Deterrean Gamble, Office of the Attorney General, Austin, TX, Faye R. Harden, Law Office of Faye R. Harden, Fort Worth, TX, for the Office of the Attorney General of Texas.

Tawanna Lynn Hunter Cesare, Moses, Palmer & Howell LLP, Kevin J. Schmid, Kevin J. Schmid & Associates, Fort Worth, TX, for Anthony Burton.

Theresa Cortez, Other Party.

PER CURIAM.

In this appeal of a judgment to confirm child support arrearage, the appellant complains solely that the evidence is legally insufficient to support a judgment of no arrearage. The court of appeals affirmed on procedural grounds, concluding that the appellant had waived its no-evidence complaint by not first presenting the complaint to the trial court. 337 S.W.3d 413 (Tex. App.-Fort Worth 2011). Because we conclude that this procedural step was unnecessary to preserve the complaint for appellate review, we reverse and remand.

Theresa Cortez and Anthony Burton divorced in 1994, and Burton was ordered to pay child support of $300 per month. A few years later, Burton suffered a series of strokes. He began receiving social security disability benefits in 2003. Burton's disability also qualified his son to receive $481 a month in social security benefits.

In 2007, Burton filed a petition to modify the parent-child relationship, requesting that his child support be reduced in light of the social security benefits his son was receiving. The trial court signed a temporary order, which significantly reduced Burton's child support obligation. The Attorney General intervened at this point, asserting that Burton was in arrears on his child support obligation. The Attorney General calculated the arrearage to be in excess of $57,000.

On September 11, 2008, the trial court heard Burton's petition to modify and the Attorney General's request to confirm the child support arrearage. At this hearing, Burton admitted he owed an arrearage but disputed the Attorney General's figures. After crediting the social security benefits received by his son, Burton estimated that his arrearage was closer to $37,000. No one at the hearing, however, produced any social security documentation establishing the amount of benefits paid to the child. At Burton's attorney's request, the trial court agreed to issue an order directing the Social Security Administration to disclose the amounts paid to Burton's son. The court then took the matter under advisement, adjourning the hearing pending receipt of the information from Social Security.

The Social Security Administration responded to the order by letter to Burton's attorney and copied to the court, stating that it could not comply with the court's order because it had never received proper consent to release this confidential information. A consent form was enclosed with the letter. Burton did not sign and return

the form but instead filed a motion asking the trial court to order Cortez to execute the form. The motion was never set for hearing.

After a few months of inactivity, the trial judge sent a letter to the parties, announcing her ruling on the petition to modify. Regarding support, the court announced that Burton's child support arrearage was $0 because "[Cortez] has failed to disclose the amount of monies given to her for the child by the Social Security Administration due to [Burton's] disability, making it impossible for the Court to correctly determine the amount of child support arrears." The court asked Burton's attorney to prepare the order, and, after the court signed it, the Attorney General appealed.

■ The Attorney General complained on appeal that no evidence supported the trial court's determination that Burton owed no child support arrearage. The court of appeals, however, did not reach the evidentiary question, concluding instead that the Attorney General had failed to preserve the issue for review. 337 S.W.3d at 414. The court reasoned that the Attorney General had to first complain about the zero arrearage in the trial court before it could seek appellate review of the finding for abuse of discretion. *Id.* (citing TEX.R.APP. P. 33.1(a)). A dissent disagreed that it was procedurally necessary that the Attorney General first present its no-evidence complaint to the trial court to preserve the issue for review. *Id.* at 415 (Walker, J. dissenting) (citing TEX.R.APP. P. 33.1(d)). The dissent argued that the rules of procedure imposed no such predicate but rather provided that an appellant could raise such an evidentiary complaint "for the first time on appeal." *Id.* We agree with the dissent.

■ A motion for new trial is not a prerequisite to an appellate complaint about the legal sufficiency of the evidence. TEX.R. CIV. P. 324(a), (b). As a general rule, an appellant must first complain to the trial court by a timely request, objection, or motion and obtain a ruling as a prerequisite for appellate review of that complaint, but the general rule does not apply to complaints about the sufficiency of the evidence in a trial to the court. Thus, Texas Rule of Appellate Procedure 33.1(d) provides that "[i]n a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence … may be made for the first time on appeal in the complaining party's brief."

The Attorney General complained in the court of appeals that no evidence supported the trial court's finding of a zero arrearage. This legal sufficiency complaint is clearly within the ambit of the above rules, whether the standard of review is for abuse of discretion or not. The court of appeals accordingly erred in holding that a post-judgment motion or other objection was needed to preserve the complaint for appellate review.

We have further examined the record in this case and conclude that the Attorney General's no-evidence complaint has merit. At the hearing, Burton admitted that he had not fully met his child support obligation. He conceded an arrearage existed and merely disagreed about the amount. Nothing in the record remotely suggests that Burton was not in arrears. Accordingly, no evidence supports the trial court's finding of zero.

Because the court of appeals erred in concluding that a post-trial motion was required to preserve error in this case and further because no evidence supports the trial court's judgment of a zero arrearage, we grant the petition for review and, without hearing oral argument, TEX.R.APP. P. 59.1, reverse the court of appeals' judg-

ment and remand the case to the trial court for further proceedings.