

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00547-CV

**IN THE INTEREST OF T.S.P.**, a Child

From the County Court at Law, Medina County, Texas
Trial Court No. 07-06-4710-CCL
Honorable Vivian Torres, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 26, 2015

REVERSED AND REMANDED IN PART; VACATED IN PART

Tad Dana Perry appeals the trial court's judgment confirming arrearages for child support and medical support and ordering payment of a fine based on a prior order. We reverse the portion of the judgment of the trial court ordering payment of arrearages, and remand the cause to the trial court for further proceedings. In addition, we vacate the portion of the trial court's judgment ordering payment of the fine.

### BACKGROUND

Perry and Marsalie Zinsmeyer divorced eleven years ago. Perry was initially ordered to pay child support in a Final Decree of Divorce dated January 14, 2004, in Cause No. 02-731-B, styled *In the Matter of the Marriage of Marsalie Perry and Tad Dana Perry and In the Interest of T.S.P., A Child*, in the 198th Judicial District Court, Kerr County, Texas. Under the Decree, Perry

was obligated to pay $690.00 per month in two installments of $345.00 each on the 10th and 25th of each month. Perry was also ordered to pay $197 each month as reimbursement for the cost of insuring the child through Zinsmeyer's employment. In a subsequent modification order, signed on November 19, 2007 in the County Court at Law, Medina County, Texas, Perry was ordered to make semi-monthly payments of $450.00 beginning on August 10, 2007; Perry was further ordered to pay $112.50 per month for health insurance coverage for the child, as well as half of any increase in the cost of insuring the child. A second modification order, signed on September 14, 2011, provides that "[c]hild support is not modified by this order and continues at the amount and frequency of the previous order date[d] November 19, 2007." The order further provides that Perry is to pay $138.28 per month for health insurance coverage for the child, as well as half of any increase in the cost of insuring the child.

On August 20, 2013, the trial court signed an "Order of Enforcement by Contempt" wherein Perry was adjudged to be in contempt for two violations of the September 14, 2011 order. The order states "that punishment for the violations is assessed at a fine of $2500.00. IT IS ORDERED that Tad Dana Perry shall pay the fine to Marsalie Zinsmeyer on or before the 10th day after the date of this hearing, July 29, 2013."

Thereafter, on December 13, 2013, Zinsmeyer filed a "First Amended Motion for Enforcement" alleging Perry's failure to make all required child support and health insurance payments, and requesting confirmation of all arrearages and rendition of judgment plus interest on arrearages, attorney's fees, and costs. Zinsmeyer also alleged violations of the August 20, 2013 order ordering Perry to pay the $2,500 contempt fine. Attached to the motion, as "Exhibit A," was the "Office of the Attorney General Texas Child Support Disbursement Unit Payment Record" which reflected payments made by Perry from October 3, 2003 to August 14, 2013. Also attached to the motion, as "Exhibit B," was a spreadsheet created by Zinsmeyer's counsel purporting to

show the history of Perry's child support and medical support obligations, including payments made on particular months, arrearages, and interest calculations. Based on this spreadsheet, Zinsmeyer alleged that the total amount of arrearages owed, including interest, was $11,545.94.

On April 30, 2014, the trial court heard Zinsmeyer's "First Amended Motion for Enforcement." At the hearing, Zinsmeyer's counsel asked the trial court to take judicial notice of the prior orders contained in the court's file, the attorney general's payment record attached to the motion for enforcement (reflecting payments received from October 3, 2003 to August 14, 2013), as well as an updated payment record filed prior to the hearing.[1] The trial court agreed to take judicial notice of the items requested. Perry testified that he was having trouble making his child support payments. Zinsmeyer testified that Perry had always been behind in his child support payments, but did not specifically elaborate as to any amounts due and owing by Perry. At the conclusion of the hearing, the trial court asked Zinsmeyer to resubmit separate calculations of both child support arrearages and health insurance arrearages based on the evidence that was submitted at the hearing, including credits for any amounts paid by Perry.

On May 14, 2014, Zinsmeyer filed a "Resubmission of Child Support Arrears Calculations to the Court" which purports to set forth an updated calculation of child support and health insurance arrearages. Child support arrearages as of March 31, 2014, including interest, were calculated at $4,564.26 and health insurance arrearages as of March 31, 2014, including interest, were calculated at $5,602.74.

On July 28, 2014, the court signed "Order Holding Respondent in Contempt and Granting Judgment," wherein it found child support arrearages in the amount of $4,564.26 and medical support arrearages in the amount of $5,602.74, and ordered Perry to pay said amounts. The order

---

[1] The reporter's record indicates that an updated payment record was filed on February 3, 2014, showing payments made through January 31, 2014, but it is not included in the record before us.

further found that Perry had failed to pay the civil contempt fine contained in the August 20, 2013 order and ordered Perry to post a cash bond of $2,500.00, "payable to Marsalie Perry, with the District Clerk of Medina County, Texas, conditioned on Tad Dana Perry's compliance with the order signed by the court on September 14, 2011. . [.]"

Perry timely appealed, and contends that the trial court erred in (1) awarding child support and health insurance arrearages and (2) ordering him to pay a fine based on the prior order.

## JUDGMENT OF ARREARAGES

Perry contends that the trial court erred in granting judgment on medical and child support arrears because there was no evidence to support the judgment.

### A. Standard of Review and Applicable Law

A trial court's determination of child support arrearages is reviewed for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re A.L.G.*, 229 S.W.3d 783, 784 (Tex. App.—San Antonio 2007, no pet.); *McBride v. McBride*, 396 S.W.3d 724, 730 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("A trial court's decision to grant or deny the relief requested in a motion for enforcement is reviewed for an abuse of discretion."). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles;" in other words, if it acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Legal and factual sufficiency are factors that can be considered in determining whether an abuse of discretion has occurred. *London v. London*, 94 S.W.3d 139, 143-44 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we apply a two-prong analysis. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). First, we consider whether the trial court had sufficient evidence upon which to exercise its discretion. *Id.* We then determine whether, based

on the evidence, the trial court erred in its exercise of that discretion. *Id.* We conduct the applicable sufficiency review with regard to the first question. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 867 (Tex. App.—Dallas 2011, no pet.). We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.*

A legal sufficiency challenge may be sustained only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact-finder could, and disregard evidence contrary to the finding unless a reasonable fact-finder could not. *Id.* at 827.

A trial court is required to follow particular procedures in entering a final judgment in a proceeding seeking child support arrearages. *In re G.L.S.*, 185 S.W.3d 56, 59 (Tex. App.—San Antonio 2005, no pet.). First, the trial court must tally the amount of the arrearage based on the payment evidence presented. *Beck v. Walker*, 154 S.W.3d 895, 903 (Tex. App.—Dallas 2005, no pet.); *Lewis v. Lewis*, 853 S.W.2d 850, 854 (Tex. App.—Houston [14th Dist.] 1993, no writ. After this calculation is made, the final judgment is to be rendered only after considering offsets and counterclaims. *In re G.L.S.*, 185 S.W.3d at 59; *Beck*, 154 S.W.3d at 903; *Lewis*, 853 S.W.2d at 854. The petitioner has the burden to establish the arrearage, and the respondent has the burden to establish any applicable counterclaim or offset. *See Beck*, 154 S.W.3d at 903. A determination of arrearages must be set aside if no evidence supports it. *Office of the Attorney Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175-76 (Tex. 2012) (per curiam).

### B. *Analysis*

In arguing that the judgment of arrearages is not supported by evidence, Perry contends (1) the attorney general's payment record was never offered or admitted into evidence, and (2) the trial court was not permitted to take judicial notice of the payment record, and thus the payment record cannot be relied upon in the finding of any arrearage. We agree. Section 157.162(c) of the Family Code provides that a payment record attached to a motion for enforcement of child support is admissible to prove: (1) the dates and in what amounts payments were made; (2) the amount of any accrued interest; (3) the cumulative arrearage over time; and (4) the cumulative arrearage as of the final date of the record. *See* TEX. FAM. CODE ANN. § 157.162(c) (West 2014); *see also id*. § 234.009(b) (West 2014) ("The record of child support payments maintained by the state disbursement unit is the official record of a payment received directly by the unit."). The fact that such a record is *admissible* does not, per force, render it *admitted* into evidence. *See, e.g., In re K.R.*, No. 05-06-00885-CV, 2007 WL 2081453, at *3 (Tex. App.—Dallas July 23, 2007, pet. denied) (mem. op.) (holding trial court did not abuse its discretion in refusing to admit attorney general's payment record attached to section 157.002 motion for enforcement because it was not offered for the limited purpose of showing that child support payments were made by respondent).

Here, the record reflects that the attorney general's payment record was never offered into evidence by Zinsmeyer's counsel. Instead, counsel asked the trial court to take judicial notice of the court's file, including Zinsmeyer's "First Amended Motion for Enforcement" and its attachments, which included the attorney general's payment record. A trial court, however, may not take judicial notice of the *truth* of the allegations in its record. *See In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.); *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ). Thus, the trial court was not permitted to judicially notice that

Perry had failed to make certain child support and medical support payments over a certain period of time.

As the movant, Zinsmeyer bore the burden of proving the amount of arrearages owed by Perry. *See Curtis v. Curtis*, 11 S.W.3d 466, 472 (Tex. App.—Tyler 2000, no pet.) (noting movant has the "burden of establishing the arrearage, i.e., the difference between the payments made by [respondent] and the payments required under the divorce decree"); *Buzbee v. Buzbee*, 870 S.W.2d 335, 339 (Tex. App.—Waco 1994, no writ) ("[T]he plaintiff in the action has the burden of proving the dollar amount of the difference between payments made and the payments required by the terms of a child-support order."). Without the attorney general's payment record, there is no other evidence upon which the trial court could have based its findings that Perry was in arrears in the amount of $4,564.26, including interest, as of April 30, 2014 for child support, and that Perry was in arrears in the amount of $5,602.74, including interest, as of April 30, 2014 for medical support. Aside from testifying that she had not received any child support in April 2014, Zinsmeyer did not ever testify to the amounts of child support and medical support due and owing by Perry. Further, counsel's spreadsheet calculating the amount of arrearages ("Exhibit B") was never admitted into evidence, and, as the trial court noted during closing, was "not evidence" of the amounts due and owing by Perry. Likewise, the recalculation of arrearages filed by Zinsmeyer after the enforcement hearing cannot serve to support the amounts of arrearages ordered. The trial court ordered Zinsmeyer's counsel to resubmit calculations based "only [on] what has been presented in this courtroom as evidence under the rules of evidence and the special rule that deals with AG records that you have." But because no evidence as to the amount of arrearages owed was presented at the enforcement hearing, the resubmitted calculations are similarly no evidence of arrearages owed. We thus conclude there is no evidence to support the trial court's judgment ordering Perry to pay child support arrearages in the amount of $4,564.26 and medical support arrearages in the

amount of $5,602.74. *See Burton*, 369 S.W.3d at 175-76 (setting aside trial court's determination of zero arrearages where no evidence supported the finding); *City of Keller*, 168 S.W.3d at 810. Accordingly, we hold the trial court abused its discretion in rendering judgment on medical and child support arrearages in the amounts specified above, and sustain Perry's first issue. Because we do not have definite figures of what amount of money, if any, Perry was in arrears for payment of child support and medical support, we must remand the cause to the trial court for further proceedings. *See Burton*, 369 S.W.3d at 175-76 (remanding for further proceedings where obligor conceded arrearage existed but "merely disagreed about the amount" owed); *In re P.M.G.*, 405 S.W.3d 406, 415 (Tex. App.—Texarkana 2013, no pet.) (remanding for determination of medical support arrearage due); *In re P.G.G.*, No. 05-12-01001-CV, 2013 WL 5890113, at *3 (Tex. App.— Dallas Oct. 31, 2013, no pet.) (mem. op.) (remanding for determination of amount of child support arrearage and medical support arrearage to which obligee may be owed).

## PAYMENT OF FINE

In his second issue, Perry argues that the trial court erred in finding that he failed to pay the civil contempt fine contained in the August 20, 2013 order and ordering him to post a cash bond in the amount $2,500.00, payable to Zinsmeyer, because the August 20, 2013 order is void as a matter of law.[2] On August 20, 2013, the trial court ordered Perry to pay a fine as punishment for violating the September 14, 2011 order as follows:

---

[2] Generally, a court of appeals lacks jurisdiction to review a contempt order on direct appeal. *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *Hernandez v. Hernandez*, 318 S.W.3d 464, 467 n.1 (Tex. App.—El Paso 2010, no pet.); *In re C.N.*, 313 S.W.3d 490, 491 n.1 (Tex. App.—Dallas 2010, no pet.). When a contempt order only involves money fines, and habeas relief would be unavailable, mandamus is the appropriate procedure for obtaining review of a contempt order. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus."); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (en banc) ("A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)"). The order on appeal before us, however, does not hold Perry in contempt; rather, it merely refers to a prior order holding Perry in contempt. Thus, we believe this court has jurisdiction to review the portion of the July 28, 2014 order ordering Perry to pay a fine based on his non-compliance with the August 20, 2013 order.

*Civil Contempt*
IT IS ORDERED that punishment for the violations . . . is assessed at a fine of $2500.00.  IT IS ORDERED that Tad Dana Perry shall pay the fine to Marsalie Zinsmeyer on or before the 10th day after the date of this hearing, July 29, 2013.

Perry did not pay the fine, and thereafter, on July 28, 2014, the trial court signed "Order Holding Respondent in Contempt and Granting Judgment," which provides, in relevant part:

*Prior Enforcement Orders*
The Court finds that Tad Dana Perry has failed to pay the civil contempt fine contained in the August 20, 2013 order of this court in the amount of $2,500.00 to the clerk of the court for the benefit of Marsalie Zinsmeyer.
IT IS ORDERED that Tad Dana Perry, Respondent, post the bond of two thousand five hundred dollars ($2500.00), payable to Marsalie Perry, with the District Clerk of Medina County, Texas . . .

Perry argues that the court's finding is erroneous because he was never ordered to pay the fine to the clerk of the court in the August 20, 2013 order, or in any other order in this matter.  We agree that the finding erroneously states that the fine was to be paid to the district clerk.  The August 20, 2013 order clearly directed Perry to pay the fine directly to Zinsmeyer.

If a fine is assessed in a civil contempt order, the court cannot order it to be paid to a private litigant.  *See Cannan v. Green Oaks Apartments, Ltd.*, 758 S.W.2d 753, 754 (Tex. 1988) (per curiam) ("[I]n a contempt proceeding a private party cannot recover damages for a violation of a court order."); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669 (Tex. App.—Fort Worth 2001, pet. denied) (en banc) ("A contempt fine is not payable to a private litigant.").  Here, the trial court ordered the civil contempt fine be paid directly to Zinsmeyer.  Because the trial court cannot order payment of a civil contempt fine to a private litigant, we hold that the trial court erred by ordering payment of the fine directly to Zinsmeyer.  Accordingly, we sustain Perry's second issue.  We therefore vacate the portion of the trial court's judgment ordering Perry to pay a civil contempt fine in the amount of $2,500 to Zinsmeyer.  *See* TEX. R. APP. P. 43.2(e).

## CONCLUSION

We reverse the portion of the trial court's judgment granting judgment on child support arrearages in the amount of $4,564.26 and medical support arrearages in the amount of $5,602.74, and remand the cause to trial court for a determination of the amount of child support arrearages and medical support arrearages, if any, to which Zinsmeyer is entitled. In addition, we vacate the portion of the trial court's judgment ordering Perry to pay a civil contempt fine in the amount of $2,500 to Zinsmeyer.[3]

Rebeca C. Martinez, Justice

---

[3] Perry also asks that the award of attorney's fees be reversed as follows: "Finally, should the Court find in favor of the Appellant, the Appellant would respectfully submit that all attorney's fees prayed for and Ordered paid by the Court should also be set aside as the relief sought and awarded to Appellee has been negated and therefore the award of the attorney's fees is not support[ed] in law or equity." In light of our determination to remand the cause for further proceedings on the issue of arrearages, we need not address Perry's request to reverse the award of attorney's fees. *See* TEX. R. APP. P. 47.1.