# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00251-CV

### Christy Onabajo and Femi Onabajo, Appellants

### v.

### Household Finance Corp. III, Appellee

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY, NO. C-1-CV-14-010888, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Christy Onabajo and Femi Onabajo appeal from the trial court's judgment in a forcible-detainer suit awarding possession of certain residential real property to Household Finance Corporation III. *See* Tex. Prop. Code §§ 24.001-.011. Because the record does not contain sufficient evidence that Household Finance provided notice to the Onabajos in compliance with Texas Property Code section 24.005, we will reverse the trial court's judgment of possession and render judgment in favor of the Onabajos.

## BACKGROUND

In 2001, the Onabajos entered into a Texas Home Equity Adjustable Rate Note payable to Home Capital, Inc. As part of the transaction, the Onabajos also executed a Texas Home Equity Security Instrument, granting a first lien on the property. The security instrument provided that:

> If the Property is sold pursuant to this paragraph [setting forth foreclosure procedure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

After the Onabajos defaulted on the loan and failed to cure the default, Household Finance, as purported successor and assign, filed an application for judicial foreclosure in the district court in Travis County. *See* Tex. R. Civ. P. 736. On April 3, 2012, the property was sold to Household Finance at a foreclosure sale by a substitute trustee, and Household Finance received a substitute trustee's deed memorializing the conveyance. Household Finance then sent written notice to the Onabajos informing them of the foreclosure sale and instructing them to vacate the property "within three(3) days after delivery of this letter." The notice also informed the Onabajos that if they failed to vacate, Household Finance would file a forcible-detainer action.

On October 17, 2014, after the Onabajos refused to vacate the property, Household Finance brought a forcible-detainer action in justice court. *See* R. 510. The justice court granted possession of the property to Household Finance, and the Onabajos appealed the justice court's decision to the county court at law. *See id*. R. 506.3. At the de novo bench trial in county court, Household Finance introduced copies of (1) the Texas Home Equity Security Instrument; (2) the substitute trustee's deed conveying the property to Household Finance; (3) the Notice to Vacate Premises; and (4) a business-records affidavit provided by the custodian of records for Household Finance's legal counsel. At the conclusion of the trial, the trial court rendered a final judgment granting possession of the property to Household Finance. This appeal followed.

## DISCUSSION

The forcible-detainer action was created by the Legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *see* Tex. Prop. Code § 24.002. To prevail in the action, "a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession [in eviction cases] and not title."). The statutory remedy of forcible detainer will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance. Tex. Prop. Code § 24.002(a). To establish forcible detainer, Household Finance had to prove that (1) it is the owner of the property, (2) the Onabajos are tenants at will or by sufferance, (3) Household Finance has made written demand for possession of the property in accordance with section 24.005 of the Texas Property Code, and (4) the Onabajos have refused to surrender possession. *See id.* §§ 24.002, .005.

### *Jurisdiction*

In their first issue on appeal, the Onabajos assert that the foreclosure was improper because the only entity entitled to enforce the Note and to foreclose on the property was an entity identified in the Note as the lender's assignee, Provident Bank. As a result, according to the Onabajos,"the evidence introduced in the lower courts shows a failure to connect the dots" from the lender to Household Finance and "deprives the lower court of jurisdiction because the documents

inherently create a title dispute." Because this jurisdictional challenge represents a threshold issue in this appeal, we will consider this issue first.

Jurisdiction over a forcible-detainer suit is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo. *Id*. § 24.004; Tex. R. Civ. P. 510.10(c). Neither the justice court nor the county court on appeal has jurisdiction to resolve issues of title to real property in a forcible-detainer suit. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—Dallas 2001, pet. dism'd w.o.j.). Instead, challenges to title or to the foreclosure process must be pursued, if at all, in a separate suit. *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd). If the question of title is intertwined with the issue of possession, then the issue of possession may not be adjudicated without first determining title. *Dormady*, 61 S.W.3d at 557. In such a case, until the issue of title is resolved, neither the justice court nor the county court has jurisdiction to enter a judgment in the suit for forcible detainer. *Id*.

Defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession. *See Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (citing cases); *Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 780974, at *3-4 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.); *see also Campbell v. Wells Fargo Bank, N.A.*, No. 03-12-00007-CV, 2013 WL 6805590, at *2-3 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op.) (explaining that it was not necessary to resolve title dispute to

determine right to immediate possession because deed of trust created landlord and tenant-at-sufferance relationship).  The Onabajos' assertion that Household Finance failed to sufficiently "connect the dots" in the chain of title leading to its purchase of the property at foreclosure is an attack on the validity of the foreclosure that cannot be adjudicated in a forcible-detainer action.  *See Jaimes*, 2013 WL 7809741, at *4 (concluding that argument that party seeking forcible detainer failed to "connect[] the dots" in its chain of title did not deprive justice or county courts of jurisdiction); *Stephens v. Federal Home Loan Mortg. Corp.*, No. 02-10-00251-CV, 2011 WL 1532384, at *2 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding that Fannie Mae was not required to "connect the dots" between original lender and mortgage servicer in forcible-detainer action where tenant-at-sufferance relationship was established under deed of trust).  While the Onabajos may pursue this challenge in a separate suit, it does not deprive the justice court or the county court of jurisdiction.  *See Wilder*, 2014 WL 1207979, at *2 (rejecting argument that "the existence of a title dispute arising from issues about the authority and capacity of the parties to the nonjudicial foreclosure sale" deprived trial court of jurisdiction to decide forcible detainer).  Where, as here, foreclosure under a security instrument creates a landlord and tenant-at-sufferance relationship, there is an independent basis for the justice court and for the county court to determine the issue of immediate possession without resolving the issue of title to the property.[1]  *Morris v.*

---

[1]  In support of its assertion that Household Finance failed to establish that it had the right to foreclose on the property and that, as a result, the county court lacked jurisdiction, the Onabajos rely on *A Plus Investments, Inc. v. Rushton*, No. 02-03-00174-CV, 2004 WL 868866 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.).  In *Rushton*, after the borrowers defaulted on their home-equity loan, the lender filed an application for a court order allowing for foreclosure and sale of the property, as required by the parties' security instrument and the Texas Constitution. *See id*. at *6 n.1 (citing Tex. Const. art. XVI, § 50(a)(6)(d)).  The court signed an order of foreclosure, and the

*American Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Schlichting*, 346 S.W.3d at 199-200. We overrule the Onabajos' first issue on appeal.

### Notice under section 24.005(a)

In their second issue on appeal, the Onabajos contend that the trial court erred in awarding possession to Household Finance because it failed to establish that it complied with the pre-suit notice requirements under section 24.005 of the Texas Property Code.

When, as in this case, a trial court following a bench trial does not issue findings of fact or conclusions of law, we imply all relevant facts necessary to support the judgment that are supported by the evidence. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). Because Household Finance had the burden in the trial court to show that it made a written demand for possession of the property in accordance with section 24.005 of the Texas Property Code, we construe the Onabajos' argument as a challenge to the trial court's implied finding on this issue.[2] *See Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 815 (Tex. App.—Houston

_____

foreclosure was subsequently conducted by CitiFinancial, an entity who had not been identified in the order of foreclosure. *Id*. at *2-3. The court of appeals concluded that this discrepancy between the entity holding the right to foreclose under the order of foreclosure and the entity that actually foreclosed on the property, without evidence in the record to support a link between the two, created a title issue that deprived the trial court of jurisdiction over the forcible-detainer action. *Id*. at *5-6.

We conclude that *Rushton* is distinguishable from the case at hand because the evidence here shows that the application for order of foreclosure was sought by the foreclosing entity, Household Finance. Thus, the discrepancy that was the source of the title dispute in *Rushton* is not present in this case, and the Onabajos' reliance on *Rushton* is misplaced.

[2] Household Finance contends that the Onabajos have waived any complaint on appeal that notice was improper under section 24.005 because they failed to raise the issue in the trial court. Generally, to preserve a complaint for appellate review, the record must show that the complaint

6

[14th Dist.] 2014, no pet.) (explaining that "proper notice is an element of a forcible detainer action" and that appellant could challenge sufficiency of evidence to support this element for first time on appeal).

Under section 24.005 "the landlord must give [a tenant at sufferance] at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." Tex. Prop. Code § 24.005(b). The notice to vacate shall be given in person or by mail at the premises in question. *Id*. § 24.005(f). Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested to the premises in question. *Id*. The notice period is calculated from the day on which the notice is delivered. *Id*. § 24.005(g).

At the hearing on its petition before the trial court, Household Finance introduced the business-records affidavit of Melanie Johnson, an employee and custodian of records for Household Finance's legal counsel. Among other things, Johnson averred that "[o]n October 14, 2014, a Notice to Vacate was forwarded by certified mail, return receipt requested, and regular mail, postage prepaid to the Onabajos and to all other occupants." Attached to Johnson's affidavit was a copy of the Notice to Vacate Premises, dated October 8, 2014, stating, in part:

---

was made to the trial court by a timely, request, objection, or motion. *See* Tex. R. App. P. 33.1(a). However, complaints regarding the sufficiency of the evidence presented in a bench trial "may be made for the first time on appeal." *See id*. R. 33.1(d); *Office of the Att'y Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012) ("As a general rule, an appellant must first complain to the trial court by a timely request, objection, or motion and obtain a ruling as a prerequisite for appellate review of that complaint, but the general rules does not apply to complaints about the sufficiency of the evidence in a trial to the court.").

Pursuant to Section 24.001 et seq of the Texas Property Code, notice is hereby given and demand is hereby made that you vacate the Property within three (3) days after delivery of this letter.

The letter also informed the Onabajos that a forcible-detainer action would be filed if they failed to vacate as instructed. Attached to the copy of the Notice was a document purporting to be a printout of a tracking report from the United States Postal Service, showing that the letter arrived at the USPS facility in Houston on October 15, 2014, and was delivered in Austin on October 17, 2014.

Household Finance contends that this evidence is sufficient to support the trial court's implied finding that notice was proper because, according to Household Finance, it demonstrates that the Notice was mailed by certified and first class mail and, as a result, "there exists a presumption that the notice was duly received by the addressee." *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (explaining that Texas Rule of Civil Procedure 21a sets up a presumption that when notice of trial setting is properly addressed and postage prepaid is mailed, that the "notice was duly received by the addressee"); *see Fashakin v. Federal Home Loan Mortg. Corp.*, No. 14-11-01079-CV, 2013 WL 1316694, at *3 (Tex. App.—Houston [14th Dist.] Apr. 2, 2013, pet. denied) (mem. op.) (applying presumption of receipt to notice sent by regular mail under section 24.005(a)); *but see* Tex. R. Civ. P. 500.3(e) (providing that rules of civil procedure, other than rules 500 through 510, do not apply in justice court proceedings except under certain conditions). The Onabajos, however, do not dispute that the evidence establishes that the Notice to Vacate Premises was delivered to and received by them. Instead, the Onabajos assert that Household Finance failed to establish that the Onabajos received three days' notice before Household Finance filed suit for forcible detainer, as required by the statute. The Onabajos argue that Household Finance's own evidence presented to

8

the trial court establishes that the Notice was not delivered until October 17, 2014, the same day that Household Finance filed their forcible detainer action in justice court. *See Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 585 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (date of filing in justice court governs analysis under 24.005(a)). Thus, the Onabajos claim that the evidence conclusively establishes that Household Finance failed to comply with section 24.005 of the Property Code.

The record before us, viewed in the light most favorable to the judgment, establishes that (1) Household Finance's Notice to Vacate Premises was sent to the Onabajos by certified mail and first class regular mail on October 14, 2014; (2) the Notice by certified mail was delivered to the Onabajos on October 17, 2014; and (3) Household Finance filed suit in the justice court on October 17, 2014. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) (in evaluating legal sufficiency of the evidence, "the court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it"). These facts fail to demonstrate that Household Finance's Notice to Vacate Premises was actually delivered to the Onabajos three days or more before Household Finance filed its suit for forcible detainer. *See* Tex. Prop. Code § 24.005(a), (e). Moreover, to the extent Household Finance asserts that it is entitled to a presumption that its Notice sent by first-class mail on October 14 was "duly delivered" and thus timely, we conclude that the presumption fails to establish that Household Finance's notice was timely. *See Fashakin*, 2013 WL 1316694, at *3.

The presumption of delivery relied on by Household Finance arises from Texas Rule of Civil Procedure 21a, known as the "mailbox rule." Tex. R. Civ. P. 21a (providing that "service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid

9

and property addressed, in the mail," but that "nothing herein shall preclude any party from offering proof that . . . the document was not received within three days from date that it was deposited in the mail"); *see Cliff*, 724 S.W.2d at 780 (construing Tex. R. Civ. P. 21a). Under the mailbox rule, when notice or other paper requiring action is sent by mail, three days "shall be added to the prescribed period." *See* Tex. R. Civ. P. 21a(c). Therefore, assuming without deciding that the mailbox rule and its presumption of "duly delivered" notice apply to forcible-detainer actions and, more specifically, to notice requirements under section 24.005, we conclude that the evidence in this case effectively rebuts any such presumption and conclusively establishes that the statutorily required notice period had not yet expired when Household Finance instituted its forcible-detainer action on October 17. Because the record does not contain any evidence demonstrating that Household Finance demanded possession of the property in accordance with section 24.005(a) of the Property Code, the trial court erred in awarding Household Finance possession of the property. *See Geters*, 430 S.W.3d at 585 (concluding that failure to give three days' notice under section 24.005 was reversible error). We sustain the Onabajos' second issue on appeal.[3]

## CONCLUSION

Because the evidence is insufficient to support the trial court's award of possession in favor of Household Finance, we reverse the trial court's judgment and render judgment in favor of the Onabajos.

---

[3] In their third and fourth issues on appeal, the Onabajos assert that Household Finance's forcible-detainer action is barred by statute of limitations and by res judicata. Because we conclude that the evidence is insufficient to support the trial court's judgment of possession, we need not decide these issues. *See* Tex. R. App. P. 47.1.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Rendered

Filed:   July 14, 2016

11