**Opinion filed January 31, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00020-CV
_____

## OSCAR PADILLA, Appellant

## V.

## GRIMES AND ASSOCIATES CONSULTING ENGINEERS, L.P.; VICTOR RAMIREZ D/B/A F&V STEEL ERECTORS; AND CARL WOODRUFF, Appellees

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR49532**

## M E M O R A N D U M   O P I N I O N

In the lawsuit that underlies this appeal, Oscar Padilla, a/k/a OP Contractor and Oscar Padilla Concrete, sued Victor Ramirez d/b/a F&V Steel Erectors; Grimes and Associates Consulting Engineers, L.P.; and Carl Woodruff. Padilla filed the suit to recover money that Padilla believed to be due to him in connection with a

construction project for the Grady Independent School District.[1]  The trial court ultimately ruled against Padilla, and Padilla filed this appeal.  We modify and affirm.

At the outset, we note that any recitation of facts in this opinion is problematic. It is problematic because, even though Padilla's related legal proceedings began in May 2011, the record before us is almost totally lacking in actual evidence, although replete with argument both in the trial court and in this court.  In our discussion, we will limit ourselves to the record before us and those matters upon which the parties, in their respective briefs and in the record that we do have, seem to agree or, at least, do not seem to disagree.

In this lawsuit, Padilla alleged that the Grady Independent School District entered into a contract with Victor Ramirez, d/b/a F&V Steel Erectors, whereby Ramirez would perform certain improvements for the District.  Ramirez sub-contracted a certain portion of that work to Oscar Padilla.  The District independently engaged Grimes and Associates to serve as construction manager.  Carl Woodruff was employed by Grimes as a supervisor.

On May 3, 2011, Padilla filed his First Amended Petition in the County Court at Law No. 1 in Midland County; he addressed his complaints as to money due to him on the Grady Independent School District project.  In addition to Appellees in this lawsuit, Felipe Ramirez was named as a defendant in that lawsuit, as was the Reagan County Independent School District.  There is no disagreement that on October 3, 2011, the judge of the Midland County Court at Law No. 1 granted Grimes's motion to transfer venue and transferred the lawsuit to the District Court in Martin County.

---

[1]Apparently, there was a claim that involved the Reagan County Independent School District.  It appears that the RCISD claim, although mentioned from time to time in the documents in this case, is not a part of this appeal.

The parties also seem to agree that during discovery, after the suit was transferred to Martin County, it apparently came to light that Oscar Padilla, Sr. was the owner of the company that had been hired by Ramirez but that the lawsuit had been brought by Oscar Padilla, Jr. On March 16, 2012, in response to a plea in abatement and motion to dismiss based upon the discovery revelation, the trial court in Martin County dismissed the lawsuit with prejudice.

Later, on June 21, 2013, Oscar Padilla, with no designation as to whether the plaintiff was Oscar Padilla, Jr. or Oscar Padilla, Sr., filed a lawsuit in the 441st District Court of Midland County. In that lawsuit, Padilla made essentially the same claims as those that were made in the Martin County lawsuit and that the trial court there had dismissed with prejudice. Both in the Martin County lawsuit and in the subsequent lawsuit, the last three digits of the named plaintiff's (Padilla) Texas driver's license number were the same. However, neither Felipe Ramirez nor Reagan County ISD were named as parties in the new lawsuit. All Appellees filed answers to the new lawsuit. Ramirez filed a general denial that included a request for attorney fees. Woodruff filed a pro se general denial. Grimes's answer contained multiple affirmative defenses, including res judicata, and was filed subject to a motion to transfer. The trial court denied the motion to transfer on October 1, 2013.

According to the record before us, nothing else transpired in the lawsuit until, by order filed on March 24, 2017, the trial court placed the case on the court's dismissal docket. Matters related to the dismissal were to be heard on June 9, 2017. On June 9, 2017, Padilla's counsel filed a motion to retain Padilla's case on the docket.[2] In response, on June 30, 2017, the trial court set the case for a trial date of October 16, 2017.

---

[2]At the October 16, 2017 trial, various counsel represented to the trial court that the FBI had shut down the project after Grimes discovered billing irregularities and that Woodruff and Ramirez had been in the penitentiary during a portion of the time that this lawsuit was pending.

When the trial court called the case for trial on October 16, 2017, Padilla's attorney announced "not ready" because Woodruff, as a defendant in the lawsuit, did not have notice of the setting; Woodruff was not present for the trial. The trial court observed that, as a defendant, it was Woodruff's responsibility to provide sufficient information so that he could receive notices. Padilla's counsel further stated that he needed Woodruff's presence because he was needed as a witness. Padilla's counsel told the trial court that "some of the information that we need can only come from Mr. Woodruff." The trial court asked counsel whether he had subpoenaed Woodruff; he had not. The trial court announced, "Well, I'm going to go ahead and call the case and let's go to *trial*." (emphasis added).

The trial court took a brief recess at Padilla's counsel's request. At the conclusion of the recess, the trial court asked Padilla's counsel if he was "ready to go." Counsel responded, "Yes, Your Honor." Whereupon, the trial court instructed Padilla's counsel to call his first witness.

Padilla's counsel called Padilla as the first witness. However, before Padilla was sworn as a witness, the attorneys began opening statements. Neither Padilla nor any other witness ever testified at the trial.

During the ensuing opening statements by counsel for all parties who were present, the attorneys referred to various documents that had been filed in various courts during the history of this lawsuit. Apparently, some, if not all, of those documents were included in a notebook that Grimes's counsel had prepared in connection with a trial brief that he had presented to the court; neither the notebook nor its contents were made a part of the record for this appeal. Although the trial court was never asked to judicially notice the instruments that were in the notebook and they were never admitted into evidence, it is apparent that the trial court relied on the documents without objection. In view of our ruling on Padilla's issues, we

4

need not discuss any issues that relate to the proper application of the law that pertains to judicial notice.

As the opening statements progressed, the following exchange occurred between the trial court and Padilla's attorney:

> THE COURT: Let me ask counsel for Mr. Padilla, if I am convinced and persuaded that the parties were -- the parties that are in this lawsuit were before the Court in the Martin County case that was dismissed on March the 16th, 2012, is the -- is the procedural posture of this matter something that it would be improper for me to dismiss *before you put on any evidence* or are we wasting time and effort on everybody's part if I am persuaded that it was disposed of in the Martin County case?
>
> MR. MARTINEZ [one of Padilla's lawyers]: *Your Honor, we don't have any evidence*, but we'd like to at least brief the directed verdict and look at that.

(Emphasis added).

Later, during the arguments, the trial court stated, "Okay. Well, I'm a little concerned that I'm - - the procedural posture of the case right now is premature for me to dismiss it, but I'm going to grant your motion and I'm going to dismiss the case." The trial court first included only Grimes in its ruling, but then extended it to include the claims against Ramirez also. Padilla did not object to this truncation of the trial.

On October 31, 2017, the trial court entered a judgment in which it held that Padilla take nothing against Grimes and awarded Grimes attorney fees of $13,130.59, various additional attorney fees for any appeal, plus interest on those fees, and costs of court. Although neither Ramirez nor Woodruff are mentioned in the judgment, the judgment contained the following: "This Judgment finally disposes of all parties and claims and is appealable." In its judgment, the trial court also provided: "All relief requested in this case and not expressly granted is denied."

5

Subsequently, on November 8, 2017, the trial court entered an Order of Dismissal in which it provided:

> On this the 16th day of October 2017 this case was called to Bench Trial. After hearing the evidence and argument of counsel, the Court is of the opinion that this case should be dismissed with prejudice.
>
> It is therefore **ORDERED**, **ADJUDGED** and **DECREED** by the Court that the above numbered and entitled cause be, and the same hereby is, in all things **DISMISSED** with prejudice to the rights of Plaintiff to ever refile same, and costs herein are taxed against the party incurring same.

On December 11, 2017, after it had entered the dismissal order, the trial court filed Findings of Fact and Conclusions of Law as to the October 31, 2017 judgment. On January 17, 2018, Appellant filed his notice of appeal from the October 31, 2017 judgment. None of the parties have raised any issues as to the effect, if any, of the November 8, 2017 dismissal order. No motion for new trial was filed.

Appellant and Grimes were the only parties to file briefs in this court. In Appellant's brief, he presents us with three issues. In his first issue on appeal, Appellant claims that he was denied due process when the trial court dismissed his case on the pleadings without a hearing. In his second issue on appeal, Appellant maintains that the evidence was legally and factually insufficient to support the applicability of res judicata. Finally, in his third issue on appeal, Appellant urges us to hold that, because Grimes did not recover damages, the trial court erred when it awarded attorney fees to Grimes. As an additional ground under his third issue on appeal, Appellant maintains that there is no evidence to support the reasonableness of the award of attorney fees.

In its brief, Grimes argues that Appellant waived his due process claim that he sets out in his first issue on appeal because Padilla did not present the due process issue to the trial court. We agree. Rule 33.1 of the Texas Rules of Appellate

6

Procedure provides that before a party may present a complaint for review on appeal, he must have made a timely request, objection, or motion to the trial court in which the party states the grounds for the ruling that the party seeks. The party must make the request, objection, or motion with sufficient specificity to make the trial court aware of the complaint and he must obtain an express or implicit ruling from the trial court. TEX. R. APP. P. 33.1; *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018). Appellant did not present a request, an objection, or a motion to the trial court in connection with his due process claim and has not preserved the issue for appeal. We overrule Appellant's first issue on appeal.

Grimes also claims that Appellant waived any issue as to attorney fees because he did not raise the issue in the trial court. Grimes is correct in its assertion that Appellant did not raise attorney fees issues in the trial court. We need not decide the waiver issue.

However, even if Appellant waived his objections to Grimes's entitlement to attorney fees, he did not waive the additional argument in his third issue on appeal that there was no evidence to support the reasonableness of the amount of the award of attorney fees. In a nonjury trial, legal insufficiency issues may be raised for the first time on appeal. TEX. R. APP. P. 33.1(d); *Office of Atty. Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012). During the trial of this case, the trial court told Grimes that it could submit its attorney fees by affidavit. The trial court also told Appellant that he could submit objections to attorney fees by affidavit. We have searched the record and find no evidence in the record to support the reasonableness of the amount of the attorney fees awarded to Grimes. A finding as to the reasonableness of attorney's fees must be supported by competent evidence. *Tull v. Tull*, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.). We sustain that portion of Padilla's third issue in which he complains that there is no evidence to

support the reasonableness of the award of attorney fees. We modify the judgment of the trial court to delete the award of attorney fees to Grimes.

In his second issue on appeal, Appellant contends that "[t]he evidence is legally and factually insufficient to support the applicability of res judicata." Even if Appellant is correct, an issue that we do not decide, we would not reverse the trial court.

Grimes correctly claims that, as a general rule, an appellant must attack all independent grounds that fully support a complained-of ruling or judgment. *Haddix v. Am. Zurich Ins. Co.*, 253 S.W.3d 339, 346 (Tex. App.—Eastland 2008, no pet.); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

In its Conclusions of Law, the trial court concluded that Padilla's claims against Ramirez were barred by res judicata. However, it also concluded that "OSCAR PADILLA has failed to prosecute the case to provide legal and sufficient evidence regarding the claims against Defendant VICTOR RAMIREZ." The trial court made the same two conclusions as to Grimes. Those conclusions of law comprise independent grounds that fully support the trial court's October 31, 2017 judgment. Appellant has not attacked those independent grounds. As we have noted, during the arguments, the trial court stated, "[I]s the procedural posture of this matter something that it would be improper for me to dismiss before you put on any evidence or are we wasting time and effort on everybody's part if I am persuaded that it was disposed of in the Martin County case?" Padilla's counsel responded, "Your Honor, we don't have any evidence." Because Padilla has not attacked independent grounds that support the trial court's judgment, we must affirm the judgment of the trial court. *Britton*, 95 S.W.3d at 681. We overrule Appellant's second issue on appeal.

We modify the judgment of the trial court to delete the award of attorney fees to Grimes and, as modified, we affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE

January 31, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.